# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JON1 UTAUS-BB DOE,** | § | |
| **JON2 UTAUS-SK DOE,** | § | |
| **JON3 UTAUS-KS DOE, and** | § | |
| **JON4 UTAUS-SA DOE** | § | |
| **Individually and On Behalf of All** | § | |
| **Other Similarly Situated Plaintiffs** | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **C.A. No. _____** |
| | § | |
| **THE UNIVERSITY OF TEXAS** | § | |
| **AT AUSTIN** | § | |
| *Defendant.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Plaintiffs JON1 UTAUS-BB DOE, JON2 UTAUS-SK DOE, JON3 UTAUS-KS DOE, and JON4 UTAUS-SA DOE to file this "Plaintiffs; Original Complaint" on behalf of themselves and all others similarly situated, being the "Class Members" as follows:

### *PREAMBLE*

*This is a suit for damages and a request for equitable relief resulting from the intentional violation of federal and state protected rights of Plaintiffs Jon by Defendant The University of Texas at Austin (including rights protected by Title IX, the U.S. Constitution, Section 1983, and the Texas Constitution) resulting in serious, ongoing economic and emotional harm to Plaintiffs.*

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                                 1

*While four plaintiffs are currently named in this lawsuit, the identification of additional students will be added as class action plaintiffs.*

**SUMMARY OF CONTENTS:**

**A. NATURE OF SUIT**
**B. PARTIES**
**C. JURISDICTION and VENUE**
**D. FACTUAL ALLEGATIONS**
    *1. Who are Plaintiffs Jon?*
    *2. UTAustin's Draconian Disciplinary Dragnet.*
    *3. Purported Public Interest being protected by UTAustin's Draconian Disciplinary Dragnet.*
    *4. Plaintiffs Jon each become a Targeted Student and is Sanctioned.*
    *5. UTAustin's Draconian Disciplinary Dragnet illegally violated Plaintiffs Jon's rights.*
    *6. Plaintiffs Jon have been seriously harmed by UTAustin's Discriminatory Actions.*
    *7. Defendant UTAustin's Action Under the Color of State Law.*
    *8. Administrative Remedies.*
    *9. Collective Action Allegations*
**E. CAUSES OF ACTION**
**F. CONCLUSION**

## A.   <u>NATURE OF SUIT</u>

1.    Plaintiffs Jon (defined hereafter) are male, undergraduate student attending Defendant UTAustin (defined hereafter).

2.    In the Fall of 2018, Plaintiffs Jon were targeted by Defendant UTAustin's Draconian Disciplinary Dragnet (defined hereafter). By being targeted, Plaintiffs Jon's substantive and procedural due process rights, and, equal protection rights were trampled upon; and sanctions were issued which have harmed, and will

**PLAINTIFFS' ORIGINAL COMPLAINT**
Glaw 2019.04.09

2

continue to harm Jon, emotionally and economically for perhaps the rest of their lives.

3.    Plaintiffs Jon now file this original action for damages and equitable relief pursuant to:

(a)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.;

(b)    42 U.S.C. § 1983 with regards to:

(i)    Defendant's violations of the laws of the United States; and

(ii)    Defendant's denial (under the color of law) of Plaintiffs Jon's equal violation, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the U.S. Constitution; and

(e)    Defendant's actions in violations of provisions of the Texas Constitution.

## B.    PARTIES

4.    Plaintiffs JON1 UTAUS-BB DOE, JON2 UTAUS-SK DOE, JON3 UTAUS-KS DOE, and JON4 UTAUS-SA DO (hereafter, collectively "Jon") are males residing in the State of Texas. Because of the privacy issues involved in this

matter and the likelihood of retaliation by Defendant, Jon is hereby exercising their rights to proceed with this matter anonymously.

5.      The need to protect the identity of Jon shall not hinder the defense of this matter, for the facts are well known to the Defendant. When applying the balancing tests to determine the needed protection of the privacy of Plaintiffs Jon *vs.* the small inconvenience to the Defendant, the protection of Plaintiffs' privacy rights prevails.

6.      At such time as the Court might agree on procedures designed to protect the privacy of Plaintiffs Jon and ensure an absence of retaliation, Jon's identity shall be disclosed.

7.      Defendant **THE UNIVERSITY OF TEXAS AT AUSTIN** ("UTAustin") is a public university operating in the State of Texas and may be served with citation by serving Defendant's President as follows:

**The University of Texas at Austin**
**Attn: Gregory L. Fenves**
**110 Inner Campus Drive**
**Stop G3400**
**Austin, Texas 78712**

8.      Although Defendant UTAustin is owned and operated by the State of Texas, Defendant UTAustin does receive grants and other funding from the United States.

**PLAINTIFFS' ORIGINAL COMPLAINT**
Glaw 2019.04.09

### C.  JURISDICTION and VENUE

9.     The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under**:**

    (a)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq. (Title IX"); and

    (b)    42 U.S.C. § 1983 ("Section 1983").

10.    Venue is proper in the Western District of Texas (Austin Division) because Defendant UTAustin operates its university in Travis County, Texas which is within the Western District of Texas.

### D.    FACTUAL ALLEGATIONS

**1.    *Who are Plaintiffs Jon?***

11.    Plaintiffs Jon are male, students attending Defendant UT Austin, seeking undergraduate degrees.

12.    Plaintiffs Jon were raised by parents who emphasized hard work and personal integrity, two attributes Jon carries with them daily.

13.    Prior to selecting and enrolling into Defendant UTAustin, Plaintiffs Jon applied such attributes (hard work and personal integrity) in everything Jon did.

14.     Not surprisingly, Plaintiffs Jon had a vast array of university options to choose from before Jon selected Defendant UTAustin.

15.     Out of all the possible 2400 four year and accredited colleges and universities in the United States, Plaintiffs Jon selected Defendant UTAustin.

16.     Plaintiffs Jon's selection of Defendant UTAustin was based on Jon's belief that not only was Defendant UTAustin the best place for Jon to get the education Jon passionately desired, but that Defendant UTAustin also exemplified a university that cared about its students and provided a broad range of student opportunities (academic and socially) that would allow Jon to grow and mature into young men ready to pursue successful careers after Jon's graduation.

17.     After enrolling in Defendant UT Austin, Plaintiffs Jon joined a fraternity ("Fraternity A") as one of the student opportunities at Defendant UTAustin Jon wished to participate in.

18.     Fraternity A is just one of many fraternities and sororities available to students attending Defendant UTAustin.

19.     Defendant publically promotes the fraternities and sororities at Defendant UTAustin, as shown by the following "Welcome" issued by Defendant UTAustin (such as Plaintiffs Jon):

**PLAINTIFFS' ORIGINAL COMPLAINT**
Glaw 2019.04.09

> *Welcome to Sorority and Fraternity Life (SFL) at UT Austin!*
> *There are hundreds of opportunities on the Forty Acres. One*
> *such opportunity is becoming involved in a sorority or*
> *fraternity. SFL welcomes new members, supports aspiring*
> *leaders, and advises council leaders in the community. Our*
> *mission is to shape a values-based sorority and fraternity*
> *experience. We cultivate educational and leadership*
> *development, in collaboration with individuals and*
> *organizations, to foster a culturally conscious, safe, and*
> *responsible community contributing to a positive sisterhood,*
> *brotherhood, and siblinghood.*

(*See,* Defendant UTAustin Internet webpage, http://deanofstudents.utexas.edu/sfl/).

20.   When accepting the Welcome offered by Defendant UTAustin and joining Fraternity A, Plaintiffs Jon had no way of knowing that Jon had just become each, a Targeted Student (defined  hereafter).

**2.**   *UTAustin's Draconian Disciplinary Dragnet.*

21.   In advancement of the hereafter described Public Interest, Defendant UTAustin has created various protocols applicable to all students attending Defendant UTAustin with regards to allegations of cheating, plagiarism, collusion, and student honesty and integrity matters (hereafter, collectively "Protocols"). Although the Protocols are accessible on line as part of hundreds of publications and handbooks, most students at Defendant UTAustin (including Plaintiffs Jon) have no actual knowledge of the Protocols.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                  7
Glaw 2019.04.09

22.     Rather than creating steps to ensure that the students at Defendant UTAustin (including Plaintiffs Jon) are truly aware of the Protocols, Defendant UTAustin believes it is sufficient to post thousands and thousands of pages on line, assuming that the students are meticulously downloading, reading, and analyzing the Protocols, rather than tending to such student's classes.

23.     Under the Protocols, a student attending Defendant UTAustin can become a "Targeted Student" for alleged violations of the Protocols by many different persons and means, including but not being limited to the following:

(a)     an employee of Defendant UTAustin;

(b)     a student guilty of violating the Protocols who is willing to offer names of other students in exchange for a lessor sanction, whether such students were involved or not;

(c)     an enemy of a student;

(d)     an ex-boyfriend or ex-girlfriend of a student; or

(e)     essentially anyone willing to spread a rumor about a student.

(Hereafter, collectively defined as the "Targeting").

24.     Under the Protocols, once a student of Defendant UTAustin has become a Targeted Student of an alleged violation of the Protocols, the Protocols

8

allow for implementation of various investigation, interrogation, and prosecution steps.

25.    The use of the term "investigation" hereafter is used with great reluctance, as the actual steps pursued by Defendant UTAustin are shrouded in mystery and fail to follow any meaningful investigation as the term is generally used and considered. Further, the use of the term "interrogation" in this Complaint is not intended to be considered mere rhetoric, for the actions undertaken by Defendant UTAustin are established steps to interrogate the Targeted Student without the student being advised of the potential Sanctions (defined hereafter) that can be issued against the student, based solely on the student's statements.

26.    The investigation, interrogation, and prosecution steps utilized by Defendant UTAustin after the Targeting of a student, include but are not  limited to the following:

(a)    an investigation and interrogation of the Targeted Student by the accuser;

(b)    an initial, summary determination of guilt by the accuser;

(c)    an initial recommendation for a sanction by the accuser;

(d)    an investigation and interrogation of the Targeted Student by the Student Conduct and Academic Integrity

department within the Office of the Dean of Students ("Dean of Students");

(e)    a lack of written procedures to be followed during the foregoing referenced investigations and interrogations;

(f)    a summary determination of guilt by the Dean of Students (the exclusion of the term "innocence" in not intended to be hyperbole, for upon information and belief, very few of the Targeted Students are determined to be innocent by the Dean of Students);

(g)    a summary issuance of sanctions by the Dean of Students;

(h)    in some cases (including Plaintiffs Jon), the denial of appellate rights of the sanctions issued;

(i)    in other cases, a *semi-de novo* hearing before a "Committee" of students, and university educators or administrators, all of whom are selected by Defendant UTAustin, is held to consider the allegations (hereafter "Hearing");

(j)    limited and confusing discovery steps before the Hearing;

(k)    limited and confusing procedures followed during the Hearing;

(l)    although the Targeted Student is denied the right to legal counsel throughout implementation of the Protocols, Defendant UTAustin usually has two to three attorneys present during the Hearing, to represent Defendant UT Austin, as well as to participate and preside over the prosecution of the Targeted Student during the Hearing;

10

**PLAINTIFFS' ORIGINAL COMPLAINT**

(m)    limited and confusing burdens of proof required during the Hearing, under the over used and rarely understood umbrella of "a preponderance of the evidence;"

(n)    private, closed session discussions, without the Targeted Student but with the legal counsel representing Defendant UTAustin, to determine guilt and sanctions, all of which occur before any record of the Hearing can be transcribed and reviewed;

(o)    determination of guilt and issuance of sanctions by the Hearing Committee;

(p)    the availability (in most cases) of a "paper" appeal to the Office of the President of Defendant UTAustin; and

(q)    limited and confusing procedures to be followed during the Appeal;

(r)    limited and confusing burdens of proof required during the Appel, under the over used and rarely understood umbrella of "a preponderance of the evidence;"

(s)    a unilateral and final determination of the proprietary of the determination of guilt and sanctions by the Office of the President of Defendant UTAustin; and

(t)    a glaring lack of confidentiality protections throughout the foregoing.

(Hereafter, the Protocols, the Targeting, the foregoing investigations, interrogations,

Hearing, Appeal, lack of appeal, determinations of guilt, issuance of sanctions, and

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                11

lack of confidentiality safeguards shall be collectively referred to as the "Draconian Disciplinary Dragnet").

27.     Throughout the entirety of Defendant UT Austin's Draconian Disciplinary Dragnet, the Targeted Student is denied the right to legal counsel ("Denial of Legal Counsel").

28.      If found guilty during the Draconian Disciplinary Dragnet, there are a number of "Sanctions" that can be issued against the Targeted Student, including but not being limited to:

(a)     placement of the Targeted Student on disciplinary probation;

(b)     placement of the Targeted Student on academic probation;

(c)     the issuance of a zero for a particular exam or assignment;

(d)     the issuance of an "F" for a particular exam or assignment;

(e)     the issuance of a Zero for a particular class;

(f)     the issuance of an "F" for a particular class;

(g)     suspension from Defendant UTAustin;

(h)     expulsion from Defendant UTAustin;

(i)     mandated attendance at counseling or meditative sessions directed by Defendant UTAustin;

12

(j)     the retention of all records of the Draconian Disciplinary Dragnet within the Targeted Student's student file for seven years; and

(k)     a glaring lack of confidentiality protections as to the issuance of the Sanctions.

29.     Throughout the entirety of Defendant UT Austin's consideration and issuance of the Sanctions (such Sanctions hereby deemed to be a part of the Draconian Disciplinary Dragnet), the Targeted Student is, again, subject to the Denial of Legal Counsel.

30.     In the words of Defendant UTAustin, the Draconian Disciplinary Dragnet is (paraphrasing) "*an educational process for the students, which does not require the right to legal counsel or a higher level of due process*" (hereafter, the "Educational Process View").

31.     Defendant     UTAustin's     Educational     Process     View     exists notwithstanding that the Draconian Disciplinary Dragnet can directly cause serious economic and emotional harm to a Targeted Student, including but not limited to the following:

(a)     causing the Targeted Student to retake a class, thereby incurring the economic damages of having to pay for the same class twice;

**PLAINTIFFS' ORIGINAL COMPLAINT**                                              13
Glaw 2019.04.09

(b)     depending on how often Defendant UT Austin offers the class to be retaken, the retake requirement can often require an additional year of attendance at Defendant UTAustin, which then mandates additional tuition, room, and board expenses;

(c)     under the foregoing circumstances when an additional year, or perhaps more, is required as a result of the Sanctions, then the Targeted Student is denied the ability to enter into the employment market or continue with additional university studies as planned, causing economic harm for the rest of the Targeted Student's life;

(d)     under the foregoing circumstances when an additional year, or perhaps more, is required as a result of the Sanctions, then the Target Student is faced with additional student loan repayments and interest;

(e)     a potential transfer of the Targeted Student to other universities can be denied;

(f)     the Targeted Student's reputation is harmed within the professor and administrative community of Defendant UTAustin and elsewhere;

(g)     the Targeted Student's reputation is harmed within the student community of Defendant UTAustin and elsewhere;

(h)     the Targeted Student's reputation is harmed within the family of the Targeted Student;

(i)     because employers and other university applications now often ask whether the Targeted Student was ever the subject of a disciplinary matter while at Defendant UTAustin, the required "yes" answer by the Targeted

Student eliminates employment and educational opportunities with a lifetime economic impact;

(j)    the mandated counseling or meditative sessions (being nothing more than forced counseling not under the care of a medical professional) can interfere with the emotional and mental well-being of the Targeted Student;

(k)    the Targeted Student often suffers serious negative emotional, physical, and mental harm;

(l)    the Targeted Student's emotional, physical, and mental harm can continue throughout such Student's life;

(m)    the Targeted Student's emotional, physical, and mental harm can cause scenarios of self-inflicted physical harm to the Targeted Student that previously did not exist;

(n)    the Targeted Student's emotional, physical, and mental harm can create life and death risks to the Targeted Student that previously did not exist; and

(o)    the treatment of the foregoing described emotional, physical, and mental harm creates health care and medical expenses.

Hereafter, the foregoing shall be referred to collectively as the "Potential Harm."

**3.   *Purported Public Interest being protected by UTAustin's Draconian Disciplinary Dragnet.***

32.    Based upon information and belief, the purported public interest ("Public Interest") being advanced and protected by Defendant UT Austin through

**PLAINTIFFS' ORIGINAL COMPLAINT**              15
Glaw 2019.04.09

Defendant UTAustin's use of the Draconian Disciplinary Dragnet is to protect the integrity of degrees granted by Defendant UTAustin.

33.     When reviewing, however, the Potential Harm to the Targeted Student, Defendant UTAustin's Educational Process View is untenable, for the Draconian Disciplinary Dragnet is arbitrary and not reasonably related to Defendant UTAustin's Purported Public Interest.

34.     Further, the Potential Harm to the Targeted Student does not support the limitations and failures of Defendant UTAustin's Draconian Disciplinary Dragnet, and, the need to avoid the Potential Harm to be suffered by the Targeted Student far outweighs the manner in which Defendant UTAustin has elected to protect the stated Public Interest.

**4.     *Plaintiffs Jon each become a Targeted Student.***

35.     In the Fall of 2018, after becoming "pledges" in Fraternity A, Plaintiffs Jon were accused of participating in certain Fraternity A directed actions, which in no manner whatsoever harmed any other student or person at Defendant UTAustin, or anywhere else (hereafter, "Fraternity A Directed Actions").

36.     The Fraternity A Directed Actions solely required certain actions by Plaintiffs Jon, which were directed only at Plaintiffs Jon.

16

**PLAINTIFFS' ORIGINAL COMPLAINT**

37.    Following the playbook of Defendant UTAustin's Draconian Disciplinary Dragnet, Plaintiffs Jon was summoned to a meeting with the Dean of Students (hereafter "DS Meeting") which had heard rumors that Jon's participation in the Fraternity A Directed Actions had somehow violated the Protocols of Defendant UT Austin.

38.    Plaintiffs Jon were denied the right to attorney participation in the DS Meeting.

39.    The allegations and arguments made by Defendant UTAustin during the DS Meeting:

   (a)  were confusing;

   (b)  included the Dean of Student's own unsupported assumptions and conclusions as to the Fraternity A Directed Actions;

   (c)  ignored the fact that Plaintiffs Jon was being coerced and under the duress of Fraternity A;

   (d)  assumed that Plaintiffs Jon was obviously guilty of something, because Jon was a Targeted Student; and

   (e)  were clearly conclusory.

40.    After the foregoing interrogation by the Dean of Students but still during the short DS Meeting, the Dean of Students informed Plaintiffs Jon that Jon

**PLAINTIFFS' ORIGINAL COMPLAINT**             17

was found guilty of the violating the Protocols of Defendant UTAustin, proven by a preponderance of the evidence and would be sanctioned by (a) being placed on disciplinary probation, and (c) being required to participate in a Virtual Academic Integrity module tutorial (hereafter, the "University Decision").

41. Throughout the numerous steps of the Defendant UTAustin's Draconian Disciplinary Dragnet, representatives of Defendant UTAustin, including the president of Defendant UTAustin, throw around the phrase "preponderance of the evidence" without any meaningful understanding or policy as to what the true meaning of such phrase is. In doing so, Defendant UTAustin is purposely misleading each Targeted Student into believing that some sort of judicial process is being followed, which is wholly false.

42. Notwithstanding the permanent harm ensuring from being placed on disciplinary probation, Plaintiffs Jon were denied any appeal, including being denied the right to a Hearing before a Committee, with an appeal to the president of Defendant UTAustin.

43. As a result, the University Decision made by the Dean of Students was, in effect, the "Final Decision" and Plaintiffs Jon's reputation and collegiate record have been improperly blemished.

**PLAINTIFFS' ORIGINAL COMPLAINT**

Glaw 2019.04.09

5.   *UTAustin's Draconian Disciplinary Dragnet illegally violated Plaintiffs Jon's Rights.*

44.   The issuance of the Final Decision including the issued Sanctions, resulting from Defendant UTAustin's Draconian Disciplinary Dragnet is arbitrary and not reasonably related to Defendant UTAustin's Purported Public Interest with regards to Plaintiffs Jon.

45.   Further, the Sanctions imposed upon Plaintiffs Jon were not appropriate to the alleged wrong committed by Plaintiffs Jon, for such Sanctions are ongoing, for the rest of Plaintiffs' Jon's lives and impact Jon's Property Interest (defined hereafter).

46.   With the issuance of the Final Decision, the imposition of Defendant UTAustin's Draconian Disciplinary Dragnet upon Plaintiffs Jon (including but not being limited to the Denial of Legal Counsel) were complete and suffered the Sanctions in violation of Jon's:

> (a)    rights granted and protected by Title IX;
>
> (b)    substantive and procedural rights and guarantees of equal protection created by the Constitution of the United States; and

(c)    substantive and procedural rights and guarantees of equal protection created by the Constitution of the State of Texas.

For the purposes hereof, the foregoing violations shall be collectively referred to as the "UTAustin's Discriminatory Actions" committed by Defendant UTAustin.

**6.    *Plaintiffs Jon have been seriously harmed by UTAustin's Discriminatory Actions.***

47.    As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon, the Potential Harm has become a reality for Jon.

48.    Upon information and belief, Defendant UTAustin's Discriminatory Actions constitute disparate treatment of males (including Plaintiffs Jon) and has had a disparate impact on male students (including Plaintiffs Jon), in violation of Title IX.

49.    Such disparity between the treatment of other female students of the general population *versus* a male, Targeted Student, based on information and belief, is also exhibited by the excessively high percentage of a male, Targeted Student then being sanctioned by Defendant UTAustin. With such high percentages, the presumption of innocence obviously plays no part of the UTAustin's Draconian Disciplinary Dragnet.

**PLAINTIFFS' ORIGINAL COMPLAINT**
Glaw 2019.04.09

50.     Further, blatant disparity exists between female students participating in sorority directed actions, as opposed to male students participating in fraternity directed actions, with the male students being sanctioned far more often and with greater severity.

51.     As a direct result of Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon, Jon has also suffered physical, emotional, and economic harm as a result of Defendant UTAustin's Discriminatory Actions, and, shall suffer future physical, emotional, and economic harm, including actual and consequential damages.

52.     As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon, Jon's mental health has deteriorated and is likely to continue to deteriorate.

53.     As a direct result of the Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon, Jon is also likely to be denied access to advance classes and programs offered by Defendant UTAustin, resulting in harm to Jon's right to pursue such classes and programs, as well as harming him economically in the future (collectively hereafter, "Property Interests") as previously discussed in the Potential Harm which is now a reality for Jon.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                        21

54.    Defendant UTAustin's Discriminatory Actions as to Plaintiffs Jon were committed intentionally and in bad faith, or with reckless disregard for the outcome, constituting a conscious indifference by Defendant UTAustin.

**7.    *Defendant UTAustin's Action Under the Color of State Law.***

55.    The administrators participating in Defendant UTAustin's Discriminatory Actions, including but not being limited to representatives of the Dean of Students, are the individuals charged with the responsibility of implementing the Protocols, which were established by the policy makers of Defendant UTAustin and were implementing the policies and customs (the Protocols) of Defendant UTAustin when committing the Discriminatory Actions.

56.    Further, if any portion of such policies are not, in fact written, each of the administrators participating in Defendant UTAustin's Discriminatory Actions, were implementing the policies and customs of Defendant UTAustin in accord with the customs and practices of Defendant UTAustin.

57.    Additional insight into the university wide acceptance and implementation of the Defendant UTAustin's policies and customs being at the core of Defendant UTAustin's Draconian Disciplinary Dragnet is provided by the following two events occurring in recent matters unrelated to Plaintiffs Jon:

22

(a)     In December 2018, a United States Congressman (from the State of Texas) contacted the Washington D.C. office of Defendant UTAustin to obtain more information related to one of his constituents (being a student at Defendant UTAustin) having been sanctioned as a result of the Draconian Disciplinary Dragnet. In no uncertain terms, a vice chancellor of Defendant UTAustin informed the Congressman, *paraphrasing,* that Defendant UTAustin would not be responding to the Congressman's inquiry, would not look into any purported disciplinary matter, and would not even return any future calls or further inquiries from the Congressman related to disciplinary matters of Defendant UTAustin's students; and

(b)     In a separate matter occurring this month, an attorney representing a separated Targeted Student, raised certain jurisdictional issues related to the Draconian Disciplinary Dragnet and was informed, *paraphrasing*, there might not be a written policy giving us (Defendant UTAustin) jurisdiction over the Targeted Student, but that is how we choose to proceed.

**8.   *Administrative Remedies.***

58.   There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiffs Jon. Even if such Preconditions did exist, the actions of Defendant UTAustin have shown that such efforts would be futile or are otherwise moot.

## *9. Collective Action Allegations*

59.    Plaintiff Jon is but one of the many past and present students who have suffered, and are still suffering, under the Defendants' Reign of Terror. As such, Jon is representative of the Class of Members.

60.    Pursuit of this lawsuit on behalf of the Plaintiff and the Class Members is appropriate under Rule 42 of the Texas Rules of Civil Procedure because:

      a)         the size of the Class of Members is so numerous that joinder of all members as individual plaintiffs is impracticable;

      b)         there are questions of law or fact common to each member of the Class of Members;

      c)         the claims or defenses of the representative parties are typical of the claims or defenses of the Class of Members; and

      d)         the representative party will fairly and adequately protect the interests of the Class of Members.

61.    Further, this action may be maintained as a class action because:

      (a)    the prosecution of separate actions by or against individual members of the Class of Members would create a risk of:

           (i)    inconsistent or varying adjudications with respect to individual members of the Class of Members which would establish incompatible standards of conduct as to the Defendants;

**PLAINTIFFS' ORIGINAL COMPLAINT**

Glaw 2019.04.09

(ii)   adjudications   with   respect   to individual members of the Class of Members which would as a practical matter be dispositive of the interests of the other members of the Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

(iii)   Defendants have acted or refused to act on grounds generally applicable to the Class of Members,   thereby   making   appropriate   final injunctive   relief   or   corresponding   declaratory relief with respect to the Class of Members as a whole; or

(iv)   the questions of law or fact common to the members of the Class of Members predominate over any questions affecting only individual members, and a class action is superior to   other   available   methods   for   the   fair   and efficient   adjudication   of   the   controversy.   The matters pertinent to these issues include:

(aa)   the interest of members of the Class   of   Members   in   individually controlling the prosecution or defense of separate actions;

(bb)   the   extent   and   nature   of   any litigation concerning the controversy already

commenced by or against members of the Class of Members;

(cc)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(dd)   the difficulties likely to be encountered in the management of a class action.

61.   As a result of Defendant UTAustin's Discriminatory Actions committed against Plaintiffs Jon, Jon was required to engage legal counsel to protect Jon's rights and redress the harm Jon has suffered.

62.   All conditions precedent to Plaintiffs Jon bringing these claims have been met.

## E.   PLAINTIFFS' CAUSES OF ACTION

63.   Plaintiffs Jon incorporates by reference the facts set forth in foregoing ARTICLE D: GENERAL BACKGROUND hereof.

## COUNT TWO: TITLE IX VIOLATIONS

64.   As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of Title IX.

**PLAINTIFFS' ORIGINAL COMPLAINT**

Glaw 2019.04.09

65.     Defendant UTAustin's Discriminatory  Actions against Plaintiffs Jon are so severe, pervasive, and objectively offensive that Plaintiffs Jon has been deprived access to educational opportunities and benefits provided by Defendant UTAustin in violation of Title IX.

66.     Defendant UTAustin's Discriminatory  Actions against Plaintiffs Jon failed to protect Plaintiffs Jon from improper Sanctions in violation of Title IX.

67.     Defendant UTAustin's Discriminatory  Actions as to Plaintiffs Jon constitute disparate treatment of males (including Plaintiffs Jon) and has had a disparate impact on male students (including Plaintiffs Jon) in violation of Title IX.

68.     Defendant UTAustin's  discriminatory  conduct toward Plaintiffs Jon, in  violation  of  Title IX have caused Plaintiffs Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs Jon now sue in accord with Title IX.

69.     Defendant UTAustin's  Discriminatory  Actions against Plaintiffs Jon in  violation  of  Title IX have caused Plaintiffs Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs Jon now sues in accord with Title IX.

## COUNT TWO: SECTION 1983 VIOLATIONS

70.     Defendant UTAustin's implementation of the Draconian Disciplinary Dragnet, the Final Decision, the Discriminatory Actions committed against Plaintiffs Jon as well as Defendant UTAustin's Educational Process View are not warranted denials of Jon's rights, sufficient to support the Public Interest purportedly being protected.

71.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

72.     Defendant UTAustin's Discriminatory Actions were committed against Plaintiffs Jon under the color of law and resulted in the violation of Plaintiffs Jon's rights under the United States Constitution and other federal laws.

73.     Specifically, Defendant UTAustin's Discriminatory Actions were committed under the color of law and resulted in the violation of Plaintiffs Jon's rights under:

(a)     Title IX;

28

**PLAINTIFFS' ORIGINAL COMPLAINT**

(b)     the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jon's Property Rights;

(c)     the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights; and

(d)     the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights.

74.     Defendant UTAustin's discriminatory conduct toward Plaintiffs Jon, in violation of Section 1983 have caused Plaintiffs Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs Jon now sue in accord with Section 1983.

75.     Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon in violation of Section 1983 have caused Plaintiffs Jon to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs Jon now sue in accord with Section 1983.

76.     Plaintiffs Jon also seek equitable relief to which Plaintiffs Jon is entitled by Section 1983, including but not being limited to:

(a)   requiring Defendant UTAustin to strike all negative information, emails, evaluations, and materials as to Plaintiffs Jon relating to the foregoing actions and sanctions from the records of Defendant UTAustin; and

(c)   the removal from all of Plaintiffs Jon's records at Defendant UTAustin that Plaintiffs Jon were (i) ever the subject of any disciplinary matter while attending Defendant UTAustin, and (ii) ever placed on Disciplinary Probation.

## COUNT THREE: VIOLATIONS OF THE TEXAS CONSTITUTION

77.   As a university owned and operated by the State of Texas, Defendant UTAustin's action are also subject to scrutiny of protections created by the Texas Constitution.

78.   Defendant UTAustin's Discriminatory Actions against Plaintiffs Jon were committed under the color of law and resulted in the violation of Plaintiffs Jon's rights under the Constitution of the State of Texas.

79.   Specifically, Defendant UTAustin's Discriminatory Actions committed towards Jon were committed under the color of law and resulted in the violation of Plaintiffs Jon's rights under:

(a)   the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

(b)   the substantive due process requirements of the Texas Constitution found in Article 1, Section 19; and

**PLAINTIFFS' ORIGINAL COMPLAINT**

Glaw 2019.04.09

> (c)   the   equal   protection   requirements   of   the   Texas Constitution found in Article I, Section 3.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

80.   Defendant UTAustin's Violations of the Texas Constitution as to Plaintiffs Jon have caused Plaintiffs Jon to suffer a loss of benefits and created economic losses.

81.   Defendant UTAustin's Violations of the Texas Constitution as to Plaintiffs Jon  have caused Plaintiffs Jon to suffer mental and emotional distress and damages.

82.   Although Plaintiffs Jon, as private parties living in the State of Texas, have no standing to seek monetary damages for the Defendant UTAustin's Violations of the Texas Constitution as to Plaintiffs Jon, Plaintiffs Jon do seek the equitable relief to which Plaintiffs Jon is entitled by Texas jurisprudence, including but not being limited to:

> (a)   requiring Defendant UTAustin to strike all negative information, emails, evaluations, and materials as to Plaintiffs Jon relating to the foregoing actions and sanctions from the records of Defendant UTAustin;  and

(c)   the removal from all of Plaintiffs Jon's records at Defendant UTAustin that Plaintiffs Jon were (i) ever the subject of any disciplinary matter while attending Defendant UTAustin, and (ii) ever placed on Disciplinary Probation.

## COUNT FOUR: PUNITIVE DAMAGES

83.   Defendant UT Austin's Discriminatory Actions against Plaintiffs Jon in violation of Title IX were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference, constituting a conscious indifference toward Plaintiffs Jon's federally protected rights, thereby entitling Plaintiffs Jon to punitive damages pursuant to Title IX, for which Plaintiffs Jon now seeks in an amount of $ 1,000,000.00.

84.   Defendant UT Austin's Discriminatory Actions against Plaintiffs Jon in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference constituting a conscious indifference toward Plaintiffs Jon's federally protected rights, thereby entitling Plaintiffs Jon to punitive damages pursuant to Section 1983, for which Plaintiffs Jon now seeks in an amount of $ 1,000,000.00.

## COUNT FIVE: POST JUDGMENT INTEREST

85.   Plaintiffs Jon also requests post judgment interest as may be allowed by applicable law.

**PLAINTIFFS' ORIGINAL COMPLAINT**

Glaw 2019.04.09

## COUNT EIGHT: ATTORNEYS' FEES

86.     Plaintiffs Jon should be awarded their reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.     REQUEST FOR JURY

87.     Plaintiffs Jon hereby request that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G .   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JON1 UTAUS-BB DOE, JON2 UTAUS-SK DOE, JON3 UTAUS-KS DOE, and JON4 UTAUS-SA DOE pray the necessary summons be issued, that the Class of Members be certified; that upon final trial hereof, that judgment be entered in favor of Plaintiffs Jon for the actual, consequential, and punitive damages set forth herein including post judgment interest; that Plaintiffs Jon be reimbursed their reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant; that Plaintiffs Jon be granted the equitable relief be granted; and that Plaintiffs Jon have such further and other relief, general and special, both at law or in equity, to which she may show himself to be justly entitled.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                      33

Respectfully submitted,

GORMAN LAW FIRM, pllc

By: _____

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
Chigozie F. Odediran, Esq.
Texas Bar No. 24098196
codediran@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**COUNSEL FOR PLAINTIFF**
**JON1 UTAUS-BB DOE, JON2**
**UTAUS-SK DOE, JON3 UTAUS-KS**
**DOE, and JON4 UTAUS-SA DOE**

**PLAINTIFFS' ORIGINAL COMPLAINT**
Glaw 2019.04.09